IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**J. DAVID MOORE,**

                Plaintiff,

     v.

**INTEGRATED TEST ARIZONA CORP.,**

                Defendant.

No. CV 09-1095-MO

OPINION AND ORDER

**MOSMAN, J.,**

     Defendant Integrated Test Arizona Corp. ("Integrated Arizona") filed a Motion for Leave to File a Counterclaim (#38) seeking leave to file a counterclaim against plaintiff J. David Moore alleging breach of fiduciary duty. For the reasons set forth below, I GRANT the motion and request that Mr. Moore submit a proposed amended discovery schedule to the Court by April 8, 2010.

### BACKGROUND

     Integrated Arizona is a semi-conductor testing equipment company headquartered in Gilbert, Arizona. (Answer (#3) ¶ 2.) Integrated Arizona maintains its financial and personnel records in Texas, where its CEO, Dana Freeman, and HR manager work. (Pl.'s Mem. in Opp. to Mot. to Change or Transfer Venue (#12) 4.) Mr. Moore, an Oregon resident, was hired by Ms. Freeman in 2006 to serve as Integrated Arizona's Vice President of Sales and Marketing.

PAGE 1 - OPINION AND ORDER

(Freeman Decl. (#8) ¶ 4.) Mr. Moore worked for Integrated Arizona from April 2006 to June 2009. (*Id.*) Ms. Freeman permitted Mr. Moore to telecommute from Oregon so he would not have to relocate to Arizona. (Moore Decl. (#14) ¶ 3.) Integrated Arizona terminated Mr. Moore's employment in June 2009, citing his use of company resources to solicit other employment. (Freeman Decl. (#8) ¶ 9.) Mr. Moore filed the instant suit in September 2009 alleging past due wages plus incentive pay, unpaid commissions, accrued vacation time, and penalty wages under Oregon law. (*See* Notice of Removal (#1) Ex. B ¶ 13.) In December 2009, Mr. Moore was issued a check for commissions from a sale he allegedly improperly routed through Integrated Arizona. (*See* Waters Aff. (#43) Ex. 3.) Mr. Moore claims that Integrated Arizona stated that if he cashed the check, he would be sued under various theories, including breach of fiduciary duty. (*Id.*) Mr. Moore returned the check. (*Id.*)

## DISCUSSION

If a party has amended its pleading once as a matter of course, it may only amend further after receiving either leave of the court or the consent of the opposing party. Fed. R. Civ. P. 15(a)(2). When requested to give leave, the court should do so freely when justice requires. *Id.* The Ninth Circuit applies this policy very liberally. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Supreme Court provided a list of factors that district courts should consider when deciding if a party's request for leave should be granted:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

PAGE 2 - OPINION AND ORDER

The consideration of prejudice to the opposing party carries the most weight in the analysis. *Eminence Capital*, 316 F.3d at 1052. Absent prejudice to the opposing party or a strong showing of any of the other *Foman* factors, there is a presumption in favor of granting leave to amend. *Id.*

## I.    Timeliness

Integrated Arizona's motion is not barred as untimely. On September 15, 2009, the Court issued a Discovery and Pretrial Scheduling Order. (*See* Disc. Order (#2).) The order set a 120-day window within which the parties were to file all pleadings, join all claims, file dispositive motions, and complete discovery. (*Id.* at 4.) One-hundred-twenty days from the September 15 order resulted in a deadline of January 13, 2010. (Def.'s Reply (#45) 2.) However, the corresponding minute entry contained a typo stating that discovery shall be completed by January 16, 2010 instead of January 13. (*Id.*) Integrated Arizona's motion was filed in accordance with the incorrect date on the minute order. I recognize the error in the minute entry and will treat Integrated Arizona's motion as timely.

## II.    Futility

The futility of an amendment can justify the denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). An amendment should not be denied as futile if the underlying facts state a claim upon which the court can grant relief. *Brier v. N. Cal. Bowling Proprietor's Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963). Under Oregon law, the party claiming a breach of fiduciary duty must prove and plead the breach, and must show that the breach caused an identifiable loss or injury. *Linland v. United Bus. Invs., Inc.*, 693 P.2d 20, 25 (Or. 1984). Proof of self-dealing establishes a breach of fiduciary duty. *Id.* However, a party that cannot

PAGE 3 - OPINION AND ORDER

demonstrate an identifiable loss may still be afforded a remedy. *See Horton v. Whitehill*, 854 P.2d 977, 980 (Or. App. 1993). A court may, in equity, fashion a remedy that it deems appropriate under the particular circumstances of a case. *Id.* A corporate officer who engages in activities which demonstrate a breach of loyalty may be ordered to return the compensation paid during the period in which the officer was in breach as an equitable remedy. *Id.*

Integrated Arizona has pleaded facts that, if proven at trial, could afford it an equitable remedy. Integrated Arizona seeks to assert that Mr. Moore breached his fiduciary duty by improperly communicating with a competitor and processing a sale by a related entity through Integrated Arizona, in violation of Ms. Freeman's instructions. (Dudrey Decl. (#40) Ex. 1 ¶¶ 20, 21.) The relevant facts could prove a breach of Mr. Moore's fiduciary duty to Integrated Arizona. Integrated Arizona does not seek general monetary damages that would ordinarily require it to prove an identifiable loss, but instead requests disgorgement of Mr. Moore's salary. (*See id.* at ¶ 23.) If Integrated Arizona can prove a breach of fiduciary duty, I have the discretion to award the remedy requested. The facts pleaded by Integrated Arizona are not so outlandish that I should deny Integrated Arizona an opportunity to argue the merits of its claims. While taking no opinion on whether Integrated Arizona's claims will prevail on the merits, sufficient facts have been raised to find the amendment not futile.

### III.    Previous Amendments

The district court has broad discretion in determining whether to grant or deny leave to amend, especially where the moving party previously had opportunities to amend. *See Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980). Although Integrated Arizona seeks to file a second amended answer and likely could have asserted its counterclaims earlier, the motion was filed

before the expiration of the discovery period as stated in the true discovery order. Integrated Arizona has not previously amended its pleadings so often as to require denial of its motion.

IV.     **Undue Delay**

When the party seeking to amend knew of the claim but failed to plead it earlier, the court may consider whether the other party is harmed by the moving party's undue delay. *See Milar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1115 (N.D. Cal. 2002). While not sufficient to warrant denial on its own, undue delay is especially relevant where no reason is given for the delay. *Arch Chems., Inc. v. Radiator Specialty Co.*, 653 F. Supp. 2d. 1099, 1108 (D. Or. 2009).

Integrated Arizona likely knew of the facts underlying its counterclaims in June 2009 when it terminated Mr. Moore or soon thereafter, but did not include the counterclaims in its First Amended Complaint. (*See* Pl.'s Mem. in Opp. (#41) 8.) Further, Integrated Arizona offers no explanation for the delay when it was likely aware of the underlying facts months ago. Significantly, however, the motion was filed during the discovery period, when it is more reasonable for a party to seek leave to add a counterclaim.

V.      **Prejudice**

Mr. Moore claims that he will suffer substantial prejudice if Integrated Arizona is allowed to file a counterclaim because it would change the nature of the case and require significant discovery. (*Id.* at 9.) Integrated Arizona argues that Mr. Moore has been aware of the potential counterclaim for some time, reducing any prejudice he may suffer from the amendment. (Def.'s Mem. in Supp. (#39) 2.) Mr. Moore asserts that he did not have sufficient knowledge to prepare himself for the filing of a counterclaim. (Pl.'s Mem. in Opp. (#41) 10.) Mr. Moore argues that he reasonably believed no counterclaim would be filed after returning the December 2009 check

received for allegedly improper commissions. (*Id.*) Although Mr. Moore was aware of the potential counterclaim, his belief that returning the check would avoid a counterclaim is reasonable under the circumstances and sufficiently explains why Mr. Moore may not be prepared to defend against the counterclaims without further discovery.

Mr. Moore anticipates needing to conduct multiple out-of-state depositions to prepare his defense and argues that allowing the amendment with only two weeks of discovery remaining would substantially prejudice him. (*Id.* at 9-10.) Integrated Arizona asserts that the relevant information can be discovered within the existing schedule. (Def.'s Reply (#45) 5.) Although Integrated Arizona may be able to complete its own discovery under the existing schedule, it is not in a position to determine what discovery Mr. Moore needs to complete and how much time that may require. Assuming Mr. Moore requires additional discovery to adequately respond to the counterclaim, the amendment will prejudice him.

## CONCLUSION

Although Mr. Moore will suffer some prejudice as a result of Integrated Arizona's amendment, the prejudice is not so great as to warrant denying Integrated Arizona an opportunity to try its claims on the merits. Viewing the facts pleaded by Integrated Arizona in the light most favorable to it, the amendment is not futile. Notwithstanding Integrated Arizona's failure to include the counterclaims in its previous amendment and the lack of explanation for the delay, this case is still in the discovery period and the delay is not so great as to require denial of the amendment. The prejudice that Mr. Moore faces under the current discovery schedule can be avoided by extending discovery.

Therefore, I request that Mr. Moore submit a proposed amended discovery schedule to

PAGE 6 - OPINION AND ORDER

the Court by April 8, 2010. For the reasons given above, I GRANT defendant Integrated Arizona's Motion For Leave To File Counterclaim (#38).

    IT IS SO ORDERED.

    DATED this __26th__ day of March, 2010.

                                           /s/ Michael W. Mosman
                                           MICHAEL W. MOSMAN
                                           United States District Court